IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**DAIGAN C. SMALL,**

      Plaintiff,

v.

**TOWN OF BINGHAM,**
State of Maine,

**STEVEN STEWARD**, in his official and
individual capacity as Town Manager and
First Selectman of the Town of Bingham,

**DEPUTY ASHLEY SMITH**, in her official
and individual capacity as a Patrol Deputy
of the Somerset County Sheriffs' Office,


      Defendants.

Case No.

---

**FEDERAL COMPLAINT WITH JURY DEMAND**

NOW COMES Plaintiff Daigan C. Small, by and through the undersigned attorney of

record, and for his cause of action against the above-named Defendants, alleges and shows

claims for relief as follows:

## I.     PRELIMINARY STATEMENT

1.     This is an action brought under 42 U.S.C. § 1983 and the laws of the State of

Maine to hold the Town of Bingham, Maine, *via* its policymaker, Steven Steward, First

Selectman and the Town Manager of the Town of Bingham, and an officer of the Somerset

County Sheriff's Office, accountable for their unreasonable, unlawful, and malicious violations

of the Plaintiff's rights.

2.      On June 19, 2023, the Defendants engaged in a course of illegal conduct that has involved the improper detention and arrest of the Plaintiff in violation of the Fourth Amendment to the Constitution of the United States of America.

## II.    JURISDICTION

3.      This claim is brought under the Civil Rights Act of 1871, 42 U.S.C §1983 and 42 U.S.C §1988. This Court has jurisdiction to hear this claim under 28 U.S.C. §§1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. Venue is proper in this District.

## III.    THE PARTIES

4.      Plaintiff, Daigan C. Small (the "Plaintiff"), is a resident of Somerset County, Bingham, Maine.

5.      Defendant Steven L. Steward is the First Selectman and at the time of the incident, was Town Manager of the Town of Bingham, Maine. At the time of the incident, and in his capacity as Town Manager of Bingham, located in the State of Maine, Defendant Steward had responsibility for the oversight and operations of the Town of Bingham and is a "person" under §1983 and is being sued in his individual and official capacities. At all times relevant herein, Defendant Steward was employed by the Town of Bingham, Maine, and upon information and belief, was a resident of Somerset County, Maine. At all times relevant herein, Defendant Steward was the Town Manager for Bingham, Maine and its "policymaker," as contemplated by the governing laws pertinent to this action. Based on information and belief, the Town of Bingham, Maine, contracts with the Somerset County Sheriff's Office to provide law enforcement coverage for the Town of Bingham.

6.      Defendant Ashley Smith is a law enforcement officer with the rank of Patrol Deputy. At all times relevant to this action, she was a sworn law enforcement officer with the Somerset County Sheriff's Office and is a "person" under 42 U.S.C. §1983 and is being sued in her individual and official capacities. At all times relevant herein, the Somerset County Sheriff's Office was contracted by the Town of Bingham, Maine, as a law enforcement agency to provide law enforcement services to the Town of Bingham. Defendant Smith, as a law enforcement deputy of the Somerset County Sheriff's Office, based upon information and belief, was a resident of Somerset County, Maine.

7.      At all times relevant herein, the acts and omissions of the Defendants were pursuant to the customs, policies, practices, and/or procedures of the Town of Bingham, Maine, *via* its contracted law enforcement entity, the Somerset County Sheriff's Office, and its policymaker(s), including, but not limited to, Defendant Steward.

8.      At all times relevant herein, each Defendant named herein acted under the color of the laws, statutes, and regulations of the State of Maine.

## IV.  FACTS

### Incident

9.      On June 19, 2023, the Plaintiff, Daigan Small, was driving his motor vehicle through the Town of Bingham, Maine, on Route 1. The Plaintiff stopped his motor vehicle in the area of Baker Street and parked. While parked, the Plaintiff observed that the Moose Alley building located at 844 Main Street, in Bingham was undergoing total demolition. After watching and observing the demolition for a period of time, the Plaintiff exited his vehicle and then approached the equipment operator, David Wave, an employee of Costello Demolition Services. Mr. Wave was overseeing the demolition activities and operating the excavator that was

being used for the demolition process. After approaching the equipment operator, Mr. Wave, the

Plaintiff asked him if he could purchase the "Restaurant & Lounge" sign, the building's original

business signage that was affixed to the side of the building being demolished for the sum of

$5.00. Mr. Wave responded by stating, "I don't want the money, but I will take it off the building

and give it to you."  Shortly thereafter, Mr. Wave used the excavator to remove the sign and told

the Plaintiff that he could take it. After being told that he could take and remove the sign from

the demolition site, the Plaintiff took the sign. While walking back to his truck, several

bystanders made comments to the Plaintiff, and his friend, Scott Burnham, told him he should

leave. As a result, they decided to leave the area. When departing, the Plaintiff and his fiancée,

Gabrielle Grover, drove down a four-wheeler path located behind the Camden National Bank.

10.     As the Plaintiff was driving away from the demolition site, he noticed that

another motor vehicle was following them closely in the middle of town in what appeared to be

an extremely unsafe and aggressive manner.

11.     While Plaintiff continued driving, the Defendant's vehicle pulled alongside them

and the Plaintiff was able to identify the driver of the truck as Town Manager and First

Selectman of the Town of Bingham, Steven L. Steward.

12.     As the Plaintiff continued to drive, the Plaintiff's fiancée, Gabrielle Grover,

became terrified and afraid for her personal well-being as the Defendant tried to use his vehicle

as a weapon and attempted to force the Plaintiff's vehicle off the road.

13.     Eventually, the Plaintiff managed to elude the Defendant's vehicle and sought

refuge from his violent actions at a relative's house.

14.     Unable to force the Plaintiff, Daigan Small, off the roadway despite multiple

violent attempts to strike him with his motor vehicle, the Defendant, Steven L. Steward, then

4

commenced his conspiracy to ensure that the Plaintiff was punished in the manner he felt appropriate.

15.     In support thereof, the Defendant, Steven L. Steward, several hours after the conclusion of the sign incident at Moose Alley involving the Plaintiff, orchestrated and directed the creation of a new "contract" with Pine Tree Waste/Casella.

16.     This new "contract," signed by Steven L. Steward and a representative of Casella on June 19, 2023, the same day of the incident, contained specific terms and directed that the "Town maintains control and final destination of disposal for all material during the demolition process."

17.     Subsequently, this newly manufactured "contract" proffered by the Defendant, Steven L. Steward, as "evidence" was then provided by the Defendant to Deputy Smith and served as the primary basis for criminal charges against the Plaintiff.

18.     Later that day, Deputy Smith contacted the Defendant at his home and questioned him regarding the sign incident. At that time, the Defendant willingly spoke to Deputy Smith regarding the incident at Moose Alley and voluntarily provided her with a sworn statement.

19.     After a limited investigation, conducted within the course of a single interview with the Plaintiff, Deputy Smith issued and served an Arrest Summons on the Plaintiff, Daigan Small, for Theft by Unauthorized Taking, a Class E Misdemeanor in the State of Maine. Additionally, Deputy Smith seized the sign which was the subject matter of this entire incident.

20.     After further investigation, the Somerset County District Attorneys' Office, after a review of all evidence in the case, declined to move forward with the charges initiated by the Defendants, Steven L Steward and Deputy Ashley Smith, against the Plaintiff.

### V.   42 U.S.C. § 1983 — UNLAWFUL ARREST AND DETENTION IN VIOLATION of 4th AMENDMENT OF THE UNITED STATES CONSTITUTION

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-20, as expressly set forth herein.

22.     Defendants Steward and Smith, while acting under the color of law, violated Plaintiff Daigan Small's constitutional rights by unreasonably manufacturing evidence and arresting the Plaintiff, which resulted in the Plaintiff's suffering damages.

23.     Defendants Steward and Smith, because of their actions, violated the constitutional rights guaranteed to the Plaintiff by the Fourth Amendment of the United States Constitution.

24.     The actions taken by Defendants Steward and Smith were not taken in good faith, were intentionally malicious, and were in violation of clearly established state and federal law.

25.     Defendants Steward and Smith conspired to provide facts and evidence that were knowingly false in nature to obtain property that was lawfully in his possession and did so with intention to harass and intimidate the Plaintiff.

26.     As a direct and proximate result of the actions of Defendants Steward and Smith, the Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including but not limited to, emotional distress, mental anguish, embarrassment, and humiliation.

27.     Furthermore, because the actions of Defendants Steward and Smith, and possibly other employees, agents, and/or representatives of the Town of Bingham and the Somerset County Sheriff's Office, were motivated by evil intent and/or involved a reckless or callous

6

indifference to the federally protected rights of the Plaintiff, an award of punitive damages is appropriate to the fullest extent permitted by law.

### VI.      42 U.S.C. § 1983 – *Monell* Liability

28.      The Plaintiff repeats, re-avers, and realleges each and every allegation contained in paragraphs 1-27 as if expressly set forth herein.

29.      The Board of Selectman, and specifically the position of Town Manager, constitutes a governmental agency and governmental position responsible for all town functions for the Town of Bingham, Somerset County, Maine.

30.      The First Selectman and Town Manager positions are key "policymaker" positions acting as official legal representatives with respect to the Town of Bingham, as a governmental entity. *See e.g., Revene v. Charles County Comm'rs*, 882 F. 2d 870, 874 (4th Cir. 1989).

31.      Municipal liability can attach under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for even a single decision made by a final policymaker in certain circumstances, regardless of whether or not the action was taken once or repeatedly. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). If an authorized policymaker approves a subordinate's decision and the basis for it, such ratification would be chargeable to the municipality under *Monell*. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988).

32.      Defendant Steward, as the First Selectman and Town Manager, and policymaker for the Town of Bingham, has a custom, pattern, practice, and/or procedure of hiring, tolerating, and maintaining the continued employment of public officials, law enforcement or otherwise, who he knows have committed acts of impropriety and/or have a propensity to do so.

33.     Further, when officials under his supervision and direction would inevitably commit improper acts while working for the Somerset County Sheriff's Office or any other governmental entity, Defendant Steward would ratify their unconstitutional acts and assist in covering up the their bad actions by charging or assisting in charging members or allowing members of the community to be charged by subordinate officials, who fall victim to these officers/officials, of various crimes or civil infractions.

34.     In the instances cited above, no person, law enforcement officer, or government official was in imminent danger and no exigent circumstances existed that would excuse or justify the illegal conduct of Defendants Steward and Smith.

35.     Moreover, Defendant Steward was aware that civil rights violations, criminal acts, and other egregious misconduct had been or were about to be conducted by officers or officials under his direct supervision or influence, to include his own conduct, but no action was taken on his part.

36.     All Defendants failed to meet their legally mandated duties by failing to properly train, investigate, and supervise government officials or Law Enforcement Officers under their authority and control or themselves act in a manner consistent with the law, policies, and procedures regarding the proper legal basis for detention, arrest, and the initiation of criminal charges brought forth against citizens.

37.     As a direct and proximate result of the personal conduct of the Town of Bingham's First Selectman and Town Manager, Steven L. Steward, along with the Somerset County Sheriff's Office's customs, patterns, practices, and/or procedures, as stated herein above, the Plaintiff's rights guaranteed to him by the Fourth Amendment of the United States Constitution were violated.

38.     As a direct and proximate result of the Defendants' unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, and humiliation along with physical pain and suffering.

39.     Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), the Town of Bingham, Maine and the Somerset County Sheriff's Office, through its policymaker, Defendant Steward (and possibly other policymakers whose identities are not yet known) is liable for all harms and losses sustained by the Plaintiff, Daigan C. Small.

WHEREFORE, the Plaintiff demands judgement against the Defendants plus punitive damages, attorney's fees, interest, costs, and such other and further relief as this Court deems just and proper.

## VII.   NEGLIGENCE- Maine Tort Claims Act

40.     Plaintiff repeats and realleges all preceding paragraphs 1-39 herein by reference.

41.     All Defendants had a duty to protect and care for private citizens under their custody and control, including the Plaintiff Daigan Small.

42.     All Defendants breached and failed in their duty to protect and care for the Plaintiff.

43.     Plaintiff suffered damages as a result of the Defendants' failures.

WHEREFORE, Plaintiff respectfully requests damages, costs, and such other relief as this Court deems just and proper.

## VIII.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-43, as if fully set forth herein.

9

45.     By fabricating facts and evidence of a story asserting theft of property from the Town of Bingham and directing Defendant Smith to arrest the Plaintiff, Defendant Steven L. Steward engaged in actions that were atrocious, intolerable, and exceeded the bounds of decency.

46.     Defendant Steward acted with the intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from his outrageous conduct.

47.     Defendant Steward's actions caused the Plaintiff to suffer emotional distress as he was being arrested for no legal reason.

48.     The emotional distress the Plaintiff experienced due to the false arrest was severe, no reasonable person should be expected to endure it.

49.     As a direct and proximate result of the Defendants' unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

50.     The actions of Defendant Steward against the Plaintiff were conducted with (a) actual malice and/or (b) a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, thereby justifying an award of punitive damages to the fullest extent permitted by law.

        WHEREFORE, Plaintiff respectfully requests damages, costs, and such other relief as this Court deems just and proper.

## IX.     ASSAULT

51.     The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-50, as if fully set forth herein.

52.     Defendant Steven L. Steward intentionally and with malice aforethought, operated his personal motor vehicle in a violent and reckless manner, attempting to batter and force the Plaintiff's vehicle off the road and subjecting the Plaintiff Daigan C. Small to terror and fear of great bodily harm, without lawful purpose or his consent.

53.     As a direct and proximate result of the Defendants' unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

WHEREFORE, Plaintiff respectfully requests damages, costs, and such other relief as this Court deems just and proper.

## X.     REPLEVIN

54.     The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-53, as if fully set forth herein.

55.     The Plaintiff, Daigan C. Small, seeks to recover personal property in Somerset County, Maine, that has a value of less than $25.00 and is further described as a "building sign."

56.     The Plaintiff is entitled to possession of the property as it was lawfully obtained under an oral agreement between the Plaintiff and the demolition company on June 19, 2023.

57.     The property is wrongfully detained by the Defendant, Steven L. Steward, who came into possession of the property when turned over to him by the Somerset County Sheriff's Office.

58.     To the best of the Plaintiff's knowledge, the Defendant detains the aforementioned property as a result of his personal animus toward the Plaintiff.

59.     The property has not been taken for any tax, assessment, or fine pursuant to law

or taken under an execution or attachment against Plaintiff's property.

WHEREFORE, Plaintiff respectfully requests judgement for possession of the

property.

## XI.     VICARIOUS LIABILITY- 42 U.S.C. § 1983

60.     Plaintiff repeats and realleges all preceding paragraphs herein by reference.

Defendant Steward was at all times materially an authorized decisionmaker on behalf of the

Town of Bingham, Maine, and the Somerset County Sheriff's Office.

61.     All remaining Defendants were acting, at all times materially, under the direction

or Policy established by Defendant Steward.

62.     All Defendants' actions, on behalf of the Town of Bingham and the Somerset

County Sheriff's Office, caused Plaintiff to suffer damages and harm.

63.     All Defendants' actions were done intentionally and deprived Plaintiff of his

federally protected rights.

64.     The Town of Bingham, Maine, and the Somerset County Sheriff's Office, through

its authorized decisionmakers and/or its custom or Policy violated federal law and was the

moving force behind all damages suffered by the Plaintiff.

WHEREFORE, Plaintiff respectfully requests the Court award him his damages,

costs, attorney's fees, and grant such other relief as is just and proper.

## XII.     PUNITIVE DAMAGES

65.     Plaintiff incorporates all preceding paragraphs herein by reference.

66.     Upon information and belief, Defendants, including but not limited to Defendants

Steward and Smith, have displayed indifference to the value and treatment of the citizens

entrusted to their care, rising to the level of malice.

67.     Defendants' conduct, including but not limited to Defendant Steward and Defendant Smith, was motivated by ill will towards Plaintiff Daigan Small.

68.     In the alternative, Defendants engaged in deliberate conduct which, while motivated by something other than ill will toward Plaintiff, is so reprehensible that malice toward Plaintiff can be implied.

WHEREFORE, Plaintiff respectfully requests the Court award him punitive damages and grant such other relief as is just and proper.

## XIII.   JURY DEMAND

Plaintiff demands a Jury on all matters triable to a jury in his Complaint.

## XIV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A.  Award Plaintiff compensatory damages in an amount to be shown at trial;

B.  Award Plaintiff general damages in an amount to be shown at trial;

C.  Award Plaintiff punitive damages in an amount to be shown at trial;

D.  Award Plaintiff reasonable attorney's fees, costs, and disbursements under 42 U.S.C. § 1988;

E.  Pre and post judgment interest;

F.  Grant Plaintiff such additional relief as the Court deems just and proper.


Dated: September 4, 2024                          Respectfully Submitted,

                                                 */s/ Walter H. Foster IV*
                                                 Walter H. Foster IV, Esq., Bar No. 11047
                                                 Attorney for Plaintiff
                                                 STEVE SMITH Trial Lawyers
                                                 191 Water Street
                                                 Augusta, ME 04330
                                                 T (207) 622-3711
                                                 F (207) 707-1036

13

*Info@MaineTrialLaw.com*